IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 3 - 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-00560-BNB

GREGORY DEAN ALBRIGHT,

    Plaintiff,

v.

THE COLORADO DEPT. OF CORRECTIONS, and
HUERFANO COUNTY CORRECTIONAL CENTER,

    Defendants.

## ORDER

Plaintiff has filed *pro se* on July 10, 2006, a "Motion to Excuse Senior Judge Zita L. Weinshienk From This Instant Case Citing Conflict of Interest." Plaintiff also has filed on July 20, 2006, a "Motion for Federal District Judge Venue (Combined With) Chief Justice Review of Magistrate Ruling." For the reasons stated below, the motions will be denied.

The Court first will address the "Motion to Excuse Senior Judge Zita L. Weinshienk From This Instant Case Citing Conflict of Interest." Plaintiff asks the Court to recuse itself because Plaintiff has filed a judicial misconduct complaint against the undersigned district judge. Title 28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may request the judge before whom the matter is pending to recuse himself or herself based upon personal bias or prejudice either against the moving party or in favor of any adverse party. Section 144 requires the moving party to submit to the court a timely and sufficient affidavit of personal bias and prejudice. *See Green v.*

*Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997). "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Although a court must accept the facts alleged in the supporting affidavit under § 144 as true, the affidavit is construed strictly against the moving party. *See Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988). The moving party has a substantial burden "to demonstrate that the judge is not impartial." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992).

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself [or herself] in any proceeding in which his [or her] impartiality might reasonably be questioned." The goal of this provision is to avoid even the appearance of partiality. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). Pursuant to § 455, a court is not required to accept all factual allegations as true "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Glass*, 849 F.2d at 1268 (internal quotation marks omitted). The standard is completely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

The fact that Plaintiff has filed a judicial misconduct complaint is not sufficient to demonstrate that recusal is appropriate pursuant to either § 144 or § 455(a). Plaintiff's judicial misconduct complaint, which is the basis for the motion to recuse, arises out of the fact that the Court has issued rulings in this action and in other cases with which Plaintiff disagrees. However, "judicial rulings alone almost never constitute a valid basis

2

for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Therefore, the motion to recuse will be denied.

The Court next will address Plaintiff's "Motion for Federal District Judge Venue (Combined With) Chief Justice Review of Magistrate Ruling." In this document Plaintiff objects to a minute order entered in this action on July 11, 2006, by Magistrate Judge Boyd N. Boland. In the July 11 minute order Magistrate Judge Boland denied Plaintiff's motion for an order directing the Colorado Department of Corrections to withdraw the monthly filing fee payments from Plaintiff's inmate account. Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action and he has been directed to pay the filing fee in monthly installments pursuant to § 1915(b)(2). In his objections Plaintiff argues that a court order for the monthly filing fee payments is necessary because his inmate account consistently has a negative balance.

Pursuant to 28 U.S.C. § 636(b)(1)(A) a judge may reconsider any pretrial matter designated to a magistrate judge to hear and determine where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. Magistrate Judge Boland's July 11 minute order is not clearly erroneous or contrary to law. Plaintiff misunderstands his obligation to make monthly filing fee payments. Pursuant to § 1915(b)(2), Plaintiff is required to make a monthly filing fee payment of twenty percent of the preceding month's income credited to his account only when the amount in his account exceeds $10.00. Therefore, if Plaintiff has a negative balance in his account, he is not required to make monthly payments and he is required only to submit monthly certified account statements to demonstrate that he lacks sufficient funds to make the monthly payments. Therefore, Plaintiff's objections will be overruled. Accordingly, it is

3

ORDERED that the "Motion to Excuse Senior Judge Zita L. Weinshienk From This Instant Case Citing Conflict of Interest" filed on July 10, 2006, is denied. It is

FURTHER ORDERED that the "Motion for Federal District Judge Venue (Combined With) Chief Justice Review of Magistrate Ruling," which the Court has construed as objections, are overruled.

DATED at Denver, Colorado, this 2 day of Aug., 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00560- BNB

Gregory Dean Albright
Prisoner No. 95774
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on   8-3-06  .

                      GREGORY C. LANGHAM, CLERK

                      By: _____
                            Deputy Clerk