IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00560-BNB

GREGORY D. ALBRIGHT,

    Plaintiff,

v.

THE STATE OF COLORADO,
THE OFFICE OF COLORADO ATTORNEY GENERAL,
COLORADO DEPARTMENT OF CORRECTIONS,
CORRECTIONS CORPORATION OF AMERICA,
HUERFANO COUNTY CORRECTIONAL CENTER,
STERLING CORRECTIONAL FACILITY,
JOSEPH ORTIZ,
H. FIELDS,
R. MAESTAS,
MS. PENIAL,
PAUL PACHECO,
MS. SLACK,
CAPT. KATZENMEYER,
ROBERT KRUTZ,
JESSE BARNES,
LT. HASENACK,
KATHY JOHNSON,
MR. DAVID, and
CAPT. JIMMERSON,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 2 2 2006

GREGORY C. LANGHAM
                CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff Gregory D. Albright is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Sterling Correctional Facility (SCF) at Sterling, Colorado. Mr. Albright initiated this action while he was incarcerated at the Huerfano County Correctional Center (HCCC) by filing *pro se* a motion for a temporary

restraining order or a preliminary injunction. On March 29, 2006, he filed a Prisoner Complaint. On May 15, 2006, the court ordered Mr. Albright to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On August 11, 2006, he filed an amended complaint.

The court must construe the amended complaint liberally because Mr. Albright is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Albright will be ordered to file a second amended complaint.

The court has reviewed the amended complaint and finds that it is deficient because Mr. Albright fails to allege specific facts that demonstrate how each named Defendant personally participated in the alleged violations of his constitutional rights. Mr. Albright claims in the amended complaint that prison officials, apparently at HCCC and at SCF, have retaliated against him since December 2005 because he is a jailhouse lawyer. However, he fails to allege specific facts that connect each of the named Defendants with the alleged retaliation. Mr. Albright may be asserting other claims in the amended complaint because he references various constitutional provisions, but because he has used only parts of the court's Prisoner Complaint form, it is not clear what other specific claims for relief he may be asserting. Assuming Mr. Albright does intend to assert additional claims, he also fails to allege personal participation by the named Defendants in those additional claims.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal

participation, Mr. Albright must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

The court assumes that Mr. Albright intends to include allegations of personal participation in the section of his amended complaint titled "individual liability." At present, that section of the amended complaint is blank and does not include any allegations of personal participation. Mr. Albright does allege that the information in the "individual liability" section will be provided in a supplement that he has not yet filed, but he may not avoid the requirement of pleading personal participation by providing that essential information in some future document. Therefore, Mr. Albright will be ordered to file a second amended complaint that includes specific allegations to demonstrate how each named Defendant personally participated in the asserted constitutional violations. Mr. Albright is advised that 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Therefore, Mr. Albright should name as Defendants in the amended complaint only those individuals or entities that he believes actually violated his constitutional rights.

Mr. Albright also must clarify in the amended complaint he will be ordered to file

how he has exhausted administrative remedies for each claim that he asserts. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Furthermore, § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Albright must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Section 1997e(a) also imposes a total exhaustion requirement on prisoners. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Mr. Albright has not exhausted administrative remedies for each of his claims and all of the issues raised in each claim in this action, the entire complaint must be dismissed.

Mr. Albright argues in the amended complaint that he provided a "Notice of Adjudication" to the Defendants that satisfies the exhaustion requirement. However, it does not appear that the "Notice of Adjudication" is related in any way to the DOC's three-step grievance procedure. In addition, although Mr. Albright alleges in the amended complaint that he was denied a grievance by Defendant Lt. Hasenack, he fails to allege when he was denied a grievance or what issues he sought to raise in that grievance. Therefore, because Mr. Albright fails in the amended complaint to allege

with specificity how he has exhausted the available administrative remedies for each claim and all of the issues he seeks to raise in this action, he must clarify in his second amended complaint how he has exhausted administrative remedies if he wishes to pursue all of his claims and issues in this action.

Finally, Mr. Albright has filed in this action a motion for appointment of counsel and a "Motion for Relief of Judgement [sic] Pursuant to Fed. R. Civ. P. Rule 60(b)." The motion for appointment of counsel will be denied as premature. In the "Motion for Relief of Judgement [sic] Pursuant to Fed. R. Civ. P. Rule 60(b)" Mr. Albright asks the court to reconsider the court's July 11, 2006, minute order denying his "Petition to Order Installments From Plaintiff's Inmate Account." The motion to reconsider the court's July 11, 2006, minute order will be denied. Accordingly, it is

ORDERED that Mr. Albright file **within thirty (30) days from the date of this order** a second amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Albright, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Albright fails within the time allowed to file an original and sufficient copies of a second amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice. It is

FURTHER ORDERED that the "Motion for the Appointment of Counsel" filed on August 11, 2006, is denied as premature and the "Motion for Relief of Judgement [sic] Pursuant to Fed. R. Civ. P. Rule 60(b)" filed on August 11, 2006, is denied.

DATED August 22, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00560- BNB

Gregory Dean Albright
Prisoner No. 95774
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on  8/22/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk